ADOLPH PRZYKOPENSKI, Appellant, *vs.* THE CITIZENS' COAL MINING COMPANY, Appellee.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. APPEALS AND ERRORS—*what is not a waiver of right to raise a constitutional question.* The filing of additional counts charging common law negligence after a demurrer to the other counts has been sustained upon the ground that a certain statute therein counted upon is unconstitutional, is not a waiver of the right to raise the question of the constitutionality of such statute in the Supreme Court on appeal.

2. CONSTITUTIONAL LAW—*the Workmen's Compensation act of 1911 was properly passed.* The Workmen's Compensation act of 1911 is not invalid by reason of the manner of its passage by the General Assembly. (*Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, followed.)

DUNN and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

A. W. KERR, and HUMPHREY & ANDERSON, for appellant.

BEACH & TRAPP, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The appellant, as plaintiff below, brought this action against appellee to recover damages for a personal injury received February 6, 1913. At the time of the injury appellant was, and had been for some years, employed by appellee as a coal miner. He had finished his day's work and was on his way out of the mine. In leaving his working place in the mine he traveled north in an entry until he came to another entry running east and west. In both entries were laid tracks on which the cars ran to haul the coal to the shaft. At the junction of the entries was a switch to enable the cars to be turned south. When plaintiff reached the east and west entry he met two shot-firers, whom he stopped and spoke to. The boy who attended the switch warned the plaintiff a car was coming and that the switch was set to turn the car south. The mule, driven without lines, did not obey the driver's command and instead of turning south continued on east, causing the car to leave the track. Plaintiff was caught between the car and the side wall and injured.

The declaration originally contained five counts, charging, in varying language, that the injury resulted from the neglect of the defendant to furnish well-broken and docile mules to haul the cars, to employ careful and prudent drivers, and in permitting the mule to be driven at a high rate of speed and in a careless and reckless manner. The second, third and fifth counts alleged defendant had elected not to be governed by the Workmen's Compensation act of 1911. Defendant demurred to each count of the declaration, and assigned as special grounds of demurrer to the second, third and fifth counts that the Workmen's Compensation act of 1911 was not passed in the manner required by the constitution and was therefore unconstitutional and

void. This was not the proper method to raise that question, but plaintiff offering no objection, the court permitted the defendant to offer in evidence, in support of the demurrer, the house and senate journals showing the manner in which the act of 1911 was passed in both houses. After the hearing the demurrer was sustained to all three of those counts on the ground that the act was not passed in the method required by the constitution, and it was held unconstitutional and void. The plaintiff asked and was granted leave to file two additional counts, the first of which charged the defendant with negligence in failing to so run cars as to furnish a safe place for plaintiff in moving about in the mine, and the second charged negligence in failing to furnish reasonably safe means of passage in the entries of the mine for employees traveling therein, by means of which the injury occurred. The case went to trial on counts not alleging that defendant had elected not to come under the Workmen's Compensation act. At the conclusion of plaintiff's evidence the court directed a verdict in favor of defendant, and this appeal was prosecuted direct to this court on the ground that the constitutionality of a statute was involved.

The right of appellant to raise that question on this appeal was not waived, as contended by appellee, by filing the two additional counts. We have held in *Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, that the Workmen's Compensation act of 1911 was not invalid by reason of the method or manner of its passage by the General Assembly. The error of the court in holding the act invalid necessitates a reversal of the judgment in this case, and it is unnecessary to discuss any other questions raised upon this record.

The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer to the second, third and fifth counts.

*Reversed and remanded, with directions.*

Dunn and Cooke, JJ., dissenting.